# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ABUBAKAR AHMED,

    Plaintiff,                           Civil Action 2:17-cv-1147
   v.                                Chief Judge Edmund A. Sargus, Jr.
                                       Magistrate Judge Elizabeth P. Deavers

HART LOGISTICS, *et al.*,

    Defendants.

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Abubakar Ahmed, an Ohio resident who is proceeding without the assistance of counsel, brings this federal civil rights action against Hart Logistics, Wade Pelletier, Sheila Michaud, Steve hill, Dennis Campbell, and Paul LePage, the Governor of Maine (collectively "Defendants"). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims for failure to assert any claim on which relief may be granted.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*     \*     \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

---
[1]Formerly 28 U.S.C. § 1915(d).

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

According to the Complaint, Defendants were involved in a conspiracy to racially discriminate against Plaintiff. (ECF No. 1-1 at 3.) Plaintiff, who is black, is an independent

3

freight carrier working as an independent contractor for Defendant Hart Logistics. (*Id*. at 4.) Plaintiff alleges that subsequent to the Maine Governor's January 2016 remarks "that the majority of people of color were 'drug traffickers' with names like 'D-Money, Smoothy, Shifty' who come to Maine to 'sell their heroin, then they go back home," Defendant Hart Logistics terminated his independent contractor relationship "with no notice or sanction prior to his termination." (*Id*.) Plaintiff also alleges that Defendants denied him work because of his race and that "a discriminatory animus motivated the Defendant to terminate [him] without cause." (*Id*.) Plaintiff avers that the Governor's statements caused his illegal termination and unconstitutionally prevents him from working in the state of Maine. (*Id*. at 5.) According to Plaintiff, Defendant Hart Logistics and its employee-Defendants "act[ed] under color of state law and on behalf of the Governor, wrongfully terminated the Plaintiff pursuant to the Governor's racist statements thus causing the Plaintiff a deprivation of his constitutional rights." (*Id*.)

### III.

Plaintiff brings the bulk of his claims against Defendants under 42 U.S.C. § 1983, asserting violations of various constitutional rights, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must plead both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir. 1983), *rev'd and remanded sub*

*nom*, *Brandon v. Holt*, 469 U.S. 464 (1985).  Plaintiff also brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 and 42 U.S.C. §§ 1985 & 1986.

**A. Section 1983 Claims**

**1. Governor LePage's Official Capacity Immunity**

As a preliminary matter, § 1983 does not permit Plaintiff to bring his claim for money damages against Defendants in their official capacities.  Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights.  42 U.S.C. § 1983.  In suits for damages, state officials acting in their official capacity are not "persons" under § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Plaintiff's § 1983 claims against Defendants in their official capacities, therefore, is not cognizable.  *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable).

**2. Personal Liability**

To establish liability under § 1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him.  *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Plaintiff has not pleaded any facts that would tend to suggest Governor LePage had any personal involvement in Defendant Hart Logistics' decision to terminate Plaintiff's independent contractor relationship.  Plaintiff has not pleaded any facts that suggest Defendant LePage is even acquainted with any of the parties to this litigation.  The Undersigned finds, therefore, that Plaintiff has failed to state a claim under § 1983 against Defendant LePage in either his official or personal capacity.

**3. Under Color of State Law**

To make out a cognizable claim under §1983, Plaintiff must plead sufficient facts that, if accepted as true, would demonstrate Defendants' actions were taken "under color of state law." *Parratt*, 451 U.S. at 535. It is the nature of an individual's actions, not any other factor, that determines whether a defendant acts under color of law. *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir. 1975). An defendant acts under color of law when he exercises power "'possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). In other words, when a defendant's acts fall within the ambit of his personal, private pursuits, those acts are not actions under color of law for purposes of § 1983. *Stengel*, 522 F.2d at 441.; *see Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001) ("[A] defendant's private conduct, outside the course or scope of his duties and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law.") (citations omitted).

Here Plaintiff's allegations fail to allege that Defendant Hart Logistics and its employee-Defendants exercised any power "possessed by virtue of state law and made possible only because [they were] clothed with the authority of state law." *West*, 487 U.S. at 49. Governor LePage's public statements, however odious, do not carry the authority of law, nor do they imbue private companies with that authority. Moreover, Plaintiff's allegations describe Defendants' "private conduct . . . unaided by any indicia of actual or ostensible state authority." *Waters*, 242 F.3d at 359. The Undersigned finds, therefore, that Plaintiff's allegations, even if accepted as true, do not state a claim under § 1983 against Defendant Hart Logistics or its employee-Defendants.

**B. Claims under 42 U.S.C. §§ 1985(3) and 1986**

42 U.S.C. § 1985(3) provides in relevant part that:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

During Reconstruction, Congress passed § 1985(3) in order to provide a cause of action against participants in private conspiracies to deprive others "of rights secured by the law to all." *Griffin v. Breckenridge,* 403 U.S. 88, 101 (1971). "A plaintiff makes out a valid cause of action under § 1985(3) by demonstrating: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to either person or property or a deprivation of any right or privilege of a United States citizen." *Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 222-23 (6th Cir. 1991). In order to plead a conspiracy under § 1985(3), Plaintiff must allege facts that, if true, would show that Defendants either acted in concert or in furtherance of a common objective to injure Plaintiff. *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998). Conspiracy claims must be pled with some degree of specificity. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Vague and conclusory allegations unsupported by material facts are not sufficient to state a conspiracy claim. *Id*. Section 1986 creates a cause of action for a knowing failure to prevent wrongful acts pursuant to a conspiracy to interfere with civil rights. 42 U.S.C. § 1986. Any

defendants with knowledge of a §1985(3) conspiracy who, through negligence, fail to prevent the discriminatory acts can be liable under § 1986.[1]

In his Complaint, Plaintiffs assert that Defendants' alleged conduct in terminating his independent contractor relationship with Defendant Hart Logistics constitutes a conspiracy to deprive him of his rights. (ECF No. 1-1 at 6.) Plaintiff has alleged essentially two acts: Governor LePage's public remarks and Defendant Hart's termination of Plaintiff's independent contractor relationship. (*Id*. at 4.) Plaintiff, however, offers nothing more than the conclusory allegation that Defendants acted in concert. Plaintiff fails to make sufficient factual allegations to establish any sort of "meeting of the minds" or to link the alleged conspirators in a conspiracy to deprive him of his constitutional rights. The Undersigned finds, therefore, that Plaintiff, has failed to state a claim under 42 U.S.C. § 1985 upon which relief can be granted.

Because Plaintiff has failed to state a claim under § 1985, his claims under § 1986 likewise fail. *See Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990) ("Where a plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986.").

**C. Facial Implausibility**

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded factual allegations as true, but

---

[1] 42 U.S.C. § 1986 provides, in relevant part:

> Every person who, having knowledge that any wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Although Plaintiff recounts Governor LePage's comments and he states that Defendant Hart Logistics, at some later date, terminated his independent contractor relationship, he proffers no other facts about the events in question. (ECF No. 1-1 at 4.) Plaintiff does not state any circumstances, other than an unrelated public figure's comments to the media, to support a conclusion that his termination was racially motivated or in any way improper. Nor does he plead any facts that would tend to show he has been prevented from working in the state of Maine generally. Even construed liberally, Plaintiff's claim against Defendants amounts to a mere conclusory allegation. *Iqbal*, 556 U.S. at 678. Accordingly, the Undersigned finds that Plaintiff's Complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).[1]

### III.

---

[1] Even were Plaintiff capable of curing the many defects in his Complaint, the Undersigned doubts the Court could exercise personal jurisdiction over Defendants in this matter consistent with Defendants' Due Process rights. Plaintiff alleges no facts that, on their face, would satisfy the Ohio long-arm statute, Ohio Rev. Code § 2307.382, and it is doubtful that Defendants have sufficient minimum contacts with the state of Ohio such that exercise of personal jurisdiction over them would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

For the reasons stated above, the Undersigned finds that Plaintiff's Complaint fails to state a claims upon which relief may be granted. It is therefore **RECOMMENDED** that the Court dismiss Plaintiff's claims against all Defendants pursuant to Section 1915(e)(2). (ECF No. 1.) Accordingly, it is also **RECOMMENDED** that Plaintiff's Motion for Permission for Electronic Case Filing be **DENIED**. (ECF No. 2.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: April 2, 2018   /s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE